TRAXLER, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority’s decision reversing the district court’s order granting MetLife’s summary judgment motion and denying Gorski’s motion, and I concur in Parts IIA and IIB of the majority opinion. However, because I believe that the district court should remand the matter to MetLife for a new benefits determination, I respectfully dissent from the majority decision to the extent that it orders reinstatement of Gorski’s benefits.
A remand to MetLife is appropriate in my view because MetLife could have reasonably denied Gorski’s appeal even without relying on Dr. Soriano’s opinion. The requirements for Gorski’s prior job, as described by MetLife in its letter denying her appeal, called for Gorski to sit for only three to four hours per shift. Even accepting as correct Dr. Huffmon’s opinion that Gorski can sit for only 45 minutes before taking a 10-minute break from sitting, for up to four hours per day, it is not clear that that limitation would prevent her from meeting the job’s requirements. Moreover, as the district court noted, Dr. Huffmon did not explain how he arrived at that limitation, nor did he even state that he had performed a recent examination on which his opinion was based.
MetLife could reasonably have deemed the lack of any explicit connection between Dr. Huffmon’s asserted sitting limitation and Gorski’s then-current physical condition to be particularly important in light of MetLife’s specific request for “[rjecent physical exam findings,” J.A. 288, and in light of several indications that Gorski’s symptoms may have either improved in the last year or perhaps been exaggerated in the first place. Those indications include Gorski’s February 13, 2002, statement to Dr. Faircloth that she was exercising regularly and had no new or specific complaints, the notes from Dr. Leighton’s August 8, 2002, exam not indicating any severe current symptoms, and the video surveillance of Gorski in October 2001 showing her carrying gallon water jugs, bending over, walking around, all with no apparent hesitation or discomfort. In light of all of these factors, I believe it was *550 certainly reasonable for MetLife to require Gorski to present proof of her then-current physical condition, and it would have been reasonable for MetLife to determine that she had failed to do that to its satisfaction.
I would therefore reverse the order of the district court granting summary judgment to MetLife and denying Gorski’s summary judgment motion, and I would remand to the district court with instructions to remand to MetLife for a new benefits determination. I respectfully dissent from the majority opinion to the extent that it reaches a contrary result.